IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM J. SEDLAK,<br><br>                Plaintiff,<br><br>vs.<br><br>ANDREW SAUL,<br><br>                Defendant. | **8:18CV515**<br><br>**MEMORANDUM**<br>**AND ORDER** |

       On August 8, 2019, this Social Security case was reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). On October 29, 2019, Plaintiff was awarded attorney fees in the amount of $2,088.07 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Now pending before the court is a motion filed by one of Plaintiff's counsel (Wes Kappelman) for an award of attorney fees under 42 U.S.C. § 406(b)[1] in the amount of $7,998.75. (Filing 25.)

       In support of his section 406(b) motion, Plaintiff's counsel has filed evidence establishing that he, co-counsel Tim Cuddigan, and Plaintiff entered into a fee

---

[1] "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph." 42 U.S.C. § 406(b)(1)(A) (Westlaw 2020).

agreement on October 24, 2018, providing for a contingent fee equal to 25% of all past-due benefits awarded (Filing 25-1); that on August 22, 2020, the Social Security Administration issued a notice letter explaining that $13,998.75, or 25 percent of past-due benefits, had been withheld from Plaintiff's past-due benefits for attorney-fee purposes (Filing 25-2 at CM/ECF p. 3); that co-counsel Cuddigan is seeking fees under 42 U.S.C. § 406(a) in the amount of $6,000 for his work on this case; that the amount Kappelman is requesting ($7,998.75) can be calculated by subtracting the $6,000 being sought by Cuddigan from the $13,998.75 being withheld by the SSA; and that Kappelman spent approximately 10.2 hours of work on this case. Thus, counsel's "hypothetical hourly rate" is approximately $784.19 ($7,998.75 ÷ 10.2 hours).

The Commissioner "agrees with the Plaintiff's motion that the maximum fee awardable under section 206(b), 42 U.S.C. § 406(b), would be $7,998.75," and the Commissioner "has no objection to an award under § 406(b)." (Filing 26 at CM/ECF p. 1). However, the Commissioner reminds the court that it must independently assess the reasonableness of the fee requested. (*Id*.) Unlike the EAJA, 42 U.S.C. § 406(b) does not authorize the prevailing party to recover fees from the losing party. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002). "Section 406(b) is of another genre: It authorizes fees payable from the successful party's recovery." *Id*. Also, "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. at 807. "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner:  Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.' Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186." *Id*. at 796.

Plaintiff's counsel in effect requests $784.19 per hour for 10.2 hours of work on Plaintiff's Social Security case, which counsel took on a contingent-fee basis.

Plaintiff consented to this contingency-fee arrangement in writing (Filing 25-1) and specifically "agree[d] to pay 25% of past-due benefits secured for me and my dependents." (Filing 25-1.) I conclude that the amount requested is reasonable, especially considering the excellent results obtained, counsel's significant level of experience in Social Security cases, the inherent risk for counsel in a contingency-fee arrangement, and the fact that the government does not object to such an award. *See Bear v. Astrue*, 544 F. Supp. 2d 881, 884 (D. Neb. 2008) ("a lawyer's risk of not getting paid for taking a Social Security appeal on a contingency basis is very high . . . . Thus, when a lawyer wins having proceeded on a contingency basis, an attorney fee that might otherwise appear unreasonable is perfectly appropriate"; awarding $10,288.50 under section 406(b) for 29.4 hours of work, equating to $349.94 per hour); *Smith v. Berryhill*, No. 8:18CV491, Filing 28 (D. Neb. Sept. 9, 2020) (approving fee equating to $1,000 per hour in § 406(b) case); *Zuhlke v. Berryhill*, No. 8:18CV295, Filing 39 (D. Neb. Sept. 4, 2020) (approving fee equating to $1,069.33 per hour in § 406(b) case); *Kellen v. Astrue*, No. 4:11CV3002, 2014 WL 128303 (D. Neb. Jan. 13, 2014) (approving attorney fee of $12,507.25 for 27.9 hours of work, equating to $448.28 per hour); *Sahs v. Astrue*, No. 4:10CV3161, 2012 WL 2856482 (D. Neb. July 11, 2012) (approving attorney fee of $14,790.97 for 43.35 hours of work, equating to $341.19 per hour). *See also Owens v. Saul*, No. C17-86 (N.D. Iowa Apr. 9, 2020) (requested § 406(b) fee of $25,893.65 for 22.7 hours of work, for a hypothetical hourly rate of $1,140.69, was not unreasonable nor prohibited by statute when plaintiff agreed to pay 25-percent contingency fee, result achieved was good, attorneys did not cause delay in proceedings, and hours spent on case were well-documented); *McCormick v. Berryhill*, No. C12-4061, 2017 WL 1383458, at *3 (N.D. Iowa Apr. 12, 2017) (approving fee equating to $875.84 per hour in § 406(b) case).

Accordingly, I shall grant the motion for attorney fees filed by Plaintiff's counsel pursuant to 42 U.S.C. § 406(b) (Filing 25) in the amount of $7,998.75. I shall not order counsel to refund to Plaintiff the $2,088.07 in attorney fees previously awarded under the EAJA because counsel did not receive such EAJA fees due to an

offset to Plaintiff's qualifying creditor. (Filing 25-5; Notice from U.S. Dep't of Treasury stating that $2,088.07 from SSA was applied to debt Plaintiff owed to IRS.)

IT IS ORDERED:

1. The motion for attorney fees pursuant to 42 U.S.C. § 406(b) (Filing 25) filed by Plaintiff's counsel is granted, and the Commissioner of Social Security shall distribute to Plaintiff's counsel, from the amount withheld from Plaintiff's past-due benefits for the payment of attorney fees, the sum of $7,998.75;

2. Judgment shall be entered by separate document.

DATED this 1st day of October, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge